UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
       :
MAIL AMERICA COMMUNICATIONS, INC.,   :
       :   **ORDER & OPINION GRANTING**
     Plaintiff,   :   **SUMMARY JUDGMENT AND**
       :   **EVIDENTIARY PRECLUSION**
    v.   :
       :   18 Civ. 8481 (AKH)
WORLD HEALING CENTER CHURCH, INC.,   :
       :
     Defendant.   :
       :
--------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       In September 2018, Plaintiff brought the instant action against Defendant to recover payments outstanding under a promissory note. *See* Am. Compl. (ECF No. 11). Plaintiff now moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and for an evidentiary preclusion order pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See* ECF No. 45. For the reasons discussed below, Plaintiff's motion for summary judgment and Rule 37 sanctions is granted.

## BACKGROUND

       Plaintiff Mail America ("Plaintiff") began to perform services for Defendant World Healing Center Church ("Defendant") in early 2006, including printing and distributing periodic mailers to Defendant donors. *See* Opp'n Br. (ECF No. 52), at 6. For nearly 15 years, Defendant had been falling behind its payment obligations, with over $5.6 million in arrears by early 2012. *See id.* To consolidate all outstanding balances, on April 26, 2012, Defendant executed and delivered to Plaintiff a promissory note in the principal amount of $5,621,851.62 (the "Promissory Note"). *See* Am. Compl., at ¶ 8. As a result of Defendant's default on its payment obligations under the Promissory Note, the parties entered into a forbearance agreement

in December 2014 (the "2014 Forbearance Agreement"). *See* Resp. Statement (ECF No. 51), at ¶ 20. In the 2014 Forbearance Agreement, Defendant acknowledged the validity of the Note and its default thereunder. *See* Statement of Undisputed Facts (ECF No. 45, Ex. A) ("SOF"), at ¶ 22–27. In October 2017, Defendant defaulted on its obligations under the 2014 Forbearance Agreement by failing to make any further payments to Plaintiff. *See id.* at ¶ 12. Plaintiff continued to forbear from enforcing its rights under the Promissory Note and engaged in discussions with Defendant regarding a new forbearance agreement. *See* SOF, at ¶ 32. On July 19, 2018, the parties executed another forbearance agreement (the "2018 Forbearance Agreement"). *See id.* at 38–45. In the 2018 Forbearance Agreement and a related affidavit (the "2018 Affidavit"), Defendant acknowledged that its outstanding obligation to Plaintiff under the Promissory Note totaled $3,098,380.06, as of June 30, 2018. *See* Nation Decl. (ECF No. 46), Ex. 4. After Defendant again defaulted on its payment obligations under the 2018 Forbearance Agreement, on September 7, 2018, Plaintiff notified Defendant in writing that it elected to accelerate payment of all outstanding sums due under the Promissory Note and demanded that Defendant pay such accelerated sums by September 17, 2018. *See* SOF, at ¶¶ 48–49. Defendant failed to do so, and Plaintiff filed this instant action to collect the accelerated sums on September 18, 2018. *See id.* at ¶ 50.

Pursuant to the Court's Stipulation and Order, dated February 19, 2019, Defendant moved to dismiss the Amended Complaint on the ground that the case is time-barred. *See* ECF No. 21. On November 14, 2019, the motion to dismiss was referred to Magistrate Judge Stewart D. Aaron, whose Report and Recommendation to deny the motion to dismiss was adopted by the Court on February 24 2020. *See* ECF Nos. 24, 25, 31. Among other things, the

Court adopted Judge Aaron's report that the case was timely filed under both New York and Virginia law. *See* ECF No. 25, at 18.

On January 6, 2021, Plaintiff filed the instant motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and for an evidentiary preclusion order pursuant to Rule 37 of the Federal Rules of Civil Procedure. As discussed in the following sections, Plaintiff's motion for summary judgment and Rule 37 sanctions is granted.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of pointing out evidence in the record, "which it believes demonstrate[s] the absence of a genuine issue of material fact . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may support an assertion that there is no genuine dispute of any material fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the movant fulfills its preliminary burden, the onus shifts to the non-movant to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Courts must "draw all rational inferences in the non-movant's favor" while reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249.

3

Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. Summary judgment should not be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Critically, in opposition to a motion for summary judgment, "[s]tatements that are devoid of any specifics, but replete with conclusions," will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that non-movants "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (stating that non-movants "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))).

## DISCUSSION

Plaintiff moves for summary judgment to enforce the Promissory Note. "Under New York law, to make out a prima facie case for recovery on a promissory note[,] a plaintiff must simply show proof of a note and failure to make payment." *Cimontubo-Tubagens E Soldadura, LDA v. Petróleos De Venezuela, S.A.*, No. 20 Civ. 5382 (GBD), 2021 WL 827133, at *5 (S.D.N.Y. Mar. 4, 2021) (quoting *Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, No. 16 Civ. 5176 (JPO), 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017)); *MM Arizona Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 592–93 (S.D.N.Y. 2009) ("Under New York law, to establish a prima facie case of default on a promissory note, plaintiff must provide proof of the valid note and of defendant's failure, despite proper demand, to make payment." (citing *Export–Import Bank of U.S. v. Agricola Del Mar BCS*, 536 F. Supp. 2d 345, 349 (S.D.N.Y.2 008))). A plaintiff can meet its prima facie burden by submitting a copy of the note and an affidavit stating

that the defendant failed to make payments with its motion for summary judgment. *See Fragin v. Mezei*, No. 09 Civ. 10287 (PGG), 2012 WL 489100, at *4 (S.D.N.Y. Feb. 14, 2012) ("A plaintiff can meet its burden of providing proof of the valid notes by presenting them on its motion for summary judgment." (citing *Miller v. Steloff*, 686 F. Supp. 91, 93 (S.D.N.Y. 1988))); *AAI Recoveries, Inc. v. Pijuan*, 13 F. Supp. 2d 448, 450 (S.D.N.Y.1998) ("Where a Plaintiff can show that there is 'no material question concerning execution and default' on a promissory note, summary judgment is appropriate.") (citation omitted); *East New York Sav. Bank v. Baccaray*, 214 A.D.2d 601, 602, 625 N.Y.S.2d 88 (1995).  After a plaintiff has made out a prima facie case, "[t]he burden then shifts to the defendant to raise a triable issue of fact in the form of a bona fide defense against the note." *Cimontubo*, 2021 WL 827133, at *5.

        Plaintiff has met its prima facie burden.  The record shows that Defendant executed and delivered to Plaintiff a Promissory Note in the principal amount of $5,621,851.62, and Defendant failed to make minimum payments under the Promissory Note upon Plaintiff's demand.  Defendant does not contest either the validity of the Promissory Note or its default thereunder.  In its Response Statement of Undisputed Facts, Defendant admits executing the Promissory Note, delivering the Promissory Note to Plaintiff, and failing to make minimum monthly payments despite Plaintiff's written demand.  *See* Resp. Statement, at ¶¶ 6–9, 18, 48–49.  Defendant contests instead the amount it owes under the Promissory Note.  *See* Opp'n Br., at 12.  Defendant argues that Plaintiff improperly accounted for payments received from Defendant, *id.* at 14, and a jury must decide the amount actually owed by Defendant.  *See id.* at 13.  Defendant submitted two spreadsheets in support of its defense.  *See* Kirk Decl., Exs. A, B.  According to the spreadsheets and its analysis, Defendant claims that it has paid the Promissory Note in full and is owed a refund of approximately $49,364.  *See* Opp'n Br., at 8.

5

**I.      Evidentiary Preclusion.**

Plaintiff contends that Defendant's payment-in-full defense is procedurally deficient, and the evidence submitted with its opposition papers should be precluded under Rule 37(c) of the Federal Rules of Civil Procedure. *See* Reply Br., at 6–10. The Court agrees. As Plaintiff points out, nowhere in the Answer does Defendant allege a payment-in-full defense. *See* Reply Br., at 6. Nor did Defendant ever take this position or produce evidence in its support during the course of the litigation. *See id.* Notably, in support of its payment-in-full defense, Defendant now disputes facts expressly admitted in the Answer. For instance, in paragraph 42 of the Answer, Defendant admits that it "did not make any payments to [Plaintiff] with respect to its obligations under the [Promissory] Note or the 2014 Forbearance Agreement between October 7, 2017 and July 24, 2018." Answer, at ¶ 42. Defendant now contends that it made over $250,000 in payments against the Promissory Note in the same period. *See* Resp. Statement, at ¶ 30. Nearly three years after the filing of the Complaint, and now faced with a summary judgment motion, Defendant cannot raise for the first time an affirmative defense absent from the pleadings, with factual allegations plainly contradicted by its Answer. *See Fadem v. Ford Motor Co.*, 352 F. Supp. 2501, 516 (S.D.N.Y. 2005) ("[I]t is long-standing precedent in this [C]ircuit that parties cannot amend their pleading through issues raised solely in their briefs."); *Fischer v. Forrest*, 286 F. Supp. 3d 590, 604 (S.D.N.Y. 2018) ("It is black letter law that a [party] may not alter [its] pleadings through a brief.").

Plaintiff's argument under Rule 37(c) is also persuasive. The court has "wide discretion" in imposing sanctions under Rule 37. *Daval Steel Prod. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991); *see also Benzinger v. Lukoil Pan Americas, LLC*, No. 16 Civ. 8533 (PAE), 2021 WL 431169, at *4 (S.D.N.Y. Feb. 8, 2021) ("The imposition of sanctions under

6

Rule 37 lies within the broad discretion of the trial court."). The sanction of preclusion under Rule 37(c) is "automatic absent a determination of either substantial justification or harmlessness." *Kunstler v. City of New York*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007) (citations omitted). Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Id*. at 265 (quoting *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)). "The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *Id*. (internal quotation marks and citations omitted). The burden of proving substantial justification rests "with the party which has failed to disclose information." *Id*. Here, Defendant has made no attempt to justify its repeated failure to produce. It is uncontroverted that, on June 3, 2020, Plaintiff timely served its written requests for interrogatory answers and production of documents. *See* Mitchell Decl., Ex. 10. Among other things, Plaintiff sought information and materials related to the accounting of each payment Plaintiff contended that it made, including the total amount paid, as well as the amount Defendant contended was owing. *See id*., Ex. 9–12. After requesting numerous extensions of time, Defendant produced no responsive evidence but for two conclusory spreadsheets submitted during confidential settlement discussions. *See id.*, Ex. 11; Reply Br., at 9. Nor does Defendant allege harmlessness. Admitting Defendant's newly submitted evidence would deprive Plaintiff of the opportunity to discover, take depositions, and respond. Defendant's attempt to introduce new evidence after the agreed-upon discovery deadline has lapsed is precisely the kind of "sandbagging" that Rule 37 seeks to prevent. *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 304 (S.D.N.Y. 2015). Under Rule 37(c) of the Federal Rules of Civil Procedure,

7

the Court precludes Defendant from introducing any evidence or documents that it could have produced in response to Plaintiff's first set of discovery requests.

**II.        Amount Outstanding Under the Promissory Note.**

Apart from the issue of evidentiary preclusion, the summary judgment motion should be granted because the Court cannot find any "*genuine* dispute" of material fact as to the amount owed by Defendant.  Fed. R. Civ. P. 56(a) (emphasis added).  It bears repeating that a non-movant "may not rely on conclusory allegations or unsubstantiated speculation" to defeat a summary judgment motion.  *FDIC*, 607 F.3d at 292.  Defendant's payment-in-full defense relies exclusively on an attorney declaration and two spreadsheets.  In support of its defense, Defendant has not submitted any proof of payment in satisfaction of the Promissory Note.  Defendant's "conclusory allegations" and "unsubstantiated speculation" do not evince a genuine factual dispute in the face of a well-established record.  Defendant acknowledged in both the 2018 Forbearance Agreement and the 2018 Affidavit that its outstanding obligation under the Promissory Note totaled $3,098,380.06, as of June 30, 2018.  *See* Nation Decl., Ex. 4, 2018 Forbearance Agreement, at ¶ 4(b); 2018 Affidavit, at ¶ 4.  This amount is also consistent with Plaintiff's detailed summary of all payments that it had received from Defendant towards the Promissory Note, which was provided to Defendant on August 17, 2018.  *See id.*, Ex. 6.  Defendant's sole challenge to this amount is that it was "intended to stand only as a placeholder."  Opp'n Br., at 9.  This allegation is "devoid of any specifics" and must be disregarded as conclusory and contradictory of its own agreement.  *Bickerstaff*, 196 F.3d at 452.  The record also shows that, with additional interest of $17,841.68 accrued through August 31, 2018, less the $123,000 in additional forbearance payments made by Defendant to Plaintiff between July 24, 2018, and September 11, 2018, the total amount due under the Promissory Note

as of August 31, 2018, was $2,993,221.74.  *See* Nation Decl., at ¶ 53.  Pursuant to paragraph 4(b) of the 2018 Forbearance Agreement, interest continues to accrue after August 31, 2018, on the outstanding amount under the Promissory Note at a rate of 4% per annum, or $328.02 per diem.  *See id.*, Ex. 4, at ¶ 4(b).  Nothing in Defendant's opposition papers demonstrates more than "some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  Accordingly, the Court finds that there is no genuine dispute of material fact, and Plaintiff is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment and an evidentiary preclusion order is granted.  The Clerk of Court shall (i) terminate the open motion (ECF No. 45), (ii) enter judgment for Plaintiff against Defendant in the amount of $2,993,221.74, plus interest accruing after August 31, 2018 at the rate of 4% per annum on the unpaid principal balance of the Promissory Note, plus costs of suit and reasonable attorney's fees, and exclusive of any accelerated or unmatured late fees or penalties, and (iii) close the case.  The oral argument scheduled for April 7, 2021, is canceled.

SO ORDERED.

Dated:   April 6, 2021                                          /s/ Alvin K. Hellerstein
         New York, New York                                ALVIN K. HELLERSTEIN
                                                           United States District Judge