```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
MAIL AMERICA COMMUNICATIONS, INC.,                             :
                                                               :    ORDER GRANTING MOTION
                                     Plaintiff,                :    TO REGISTER JUDGMENT AND
                                                               :    DENYING MOTION FOR
               v.                                              :    ATTORNEY'S FEES AND COSTS
                                                               :
WORLD HEALING CENTER CHURCH, INC.,                             :    18 Civ. 8481 (AKH)
                                                               :
                                     Defendant.                :
                                                               :
-------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

On April 7, 2021, the Court entered a final judgment against Defendant in the amount of $2,993,221.74, plus interest and costs (the "Judgment"). *See* ECF No. 57. On April 26, 2021, Defendant filed a notice of appeal from the Judgment. *See* ECF No. 62. To date, Defendant has neither sought a stay of execution pending appeal nor posted a supersedeas bond to obtain such a relief. Before the Court now are two motions filed by Plaintiff: (i) a motion to register judgment in other districts pursuant to 28 U.S.C. § 1963 and (ii) a motion for attorney's fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion to register judgment is granted for good cause shown, and the motion for attorney's fees is denied as premature.

As to Plaintiff's registration motion, the federal judgment registration statute provides that, when an appeal is pending, a judgment may be registered by filing a certified copy of the judgment in any other district "when ordered by the court . . . for good cause shown." 28 U.S.C. § 1963. "Good cause is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment." *HSH Nordbank AG New York Branch*

*v. Swerdlow*, No. 08 Civ. 6131 (DLC), 2010 WL 1957265, at *1 (S.D.N.Y. May 14, 2010) (internal quotation marks omitted). "A judgment creditor need not provide exact evidence of the debtor's assets and good cause may be supported by a lesser showing." *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087 (JFK), 2014 WL 2893306, at *4 (S.D.N.Y. June 26, 2014) (internal quotation marks omitted); *cf. HSH Nordbank AG New York Branch*, 2010 WL at *1 ("A court may rely on affidavits and other documentary evidence in order to determine whether good cause has been shown.").

Here, the parties do not dispute that Defendant has no assets in the Southern District of New York to satisfy the Judgment. *See* ECF No. 67. Plaintiff also has conducted an asset search and certified that Defendant possesses assets located within the Northern District of Texas and the Southern District of California. *See* ECF No. 64, at ¶¶ 6–8. Specifically, Plaintiff has submitted evidence that Defendant maintains its administrative operations in Grapevine, Texas and its central headquarters in Aliso Viejo, California. *See id.* at ¶ 9, Ex. A. Defendant has "failed to submit any evidence to the contrary or offer any substantial reason why [the Judgment] should not be protected by registration" in Texas and California. *See Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999). Because Plaintiff has established "good cause" and Defendant has failed to provide a basis for denying Plaintiff's registration motion, Plaintiff's motion to register the Judgment in the Northern District of Texas, the Southern District of California, and in other districts where Defendant may subsequently be found to have assets is granted.

As to Plaintiff's fee motion, Rule 54(d) of the Federal Rules of Civil Procedure states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) Advisory Committee's Note (1993).

"Since the pending Rule 54 motion turns on which party is the 'prevailing party' for purposes of entitlement to fees and costs, it is clear that the resolution of [Defendant's] pending appeal on the merits could potentially impact the Court's determination of the fee motion." *Topps Co., Inc. v. Koko's Confectionary & Novelty*, No. 16 Civ. 5954 (GBD) (KNF), 2020 WL 6082093, at *2 (S.D.N.Y. Oct. 15, 2020) (quoting *Matsumura v. Benihana Nat. Corp*, No. 06 Civ. 76009, 2010 WL 1783552, at *1 (S.D.N.Y. Apr. 23, 2010) (cleaned up)). The Court therefore denies Plaintiff's motion for attorney's fees and costs as premature, without prejudice to renewal within 14 days of the entry of the appellate mandate.

Accordingly, Plaintiff's motion to register the Judgment in the Northern District of Texas, the Southern District of California, and in other districts where Defendant may subsequently be found to have assets is granted, and Plaintiff's motion for attorney's fees and costs is denied without prejudice to renewal within 14 days of the entry of the appellate mandate on the docket. The Clerk shall terminate the open motions (ECF Nos. 58, 63).

SO ORDERED.

Dated: June 18, 2021
New York, New York

_____/s/_____
ALVIN K. HELLERSTEIN
United States District Judge